Affirmed and Memorandum Opinion filed ___________, 2006









Affirmed and Memorandum Opinion filed May 4, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00735-CR

____________

 

DINH QUANG LE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from County Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1211417

 



 

M E M O R A N D U M    O
P I N I O N

A jury convicted appellant Dinh Quang Le of driving while
intoxicated and the trial court sentenced him to ninety days confinement in the
Harris County Jail and fined him $1500.00. 
In his sole issue, appellant claims the trial court erred in denying his
motion for continuance.  We affirm.

I.  Factual and Procedural Background

The trial in this case began on May 3, 2004.  On April 29, 2004, appellant filed a written
motion for continuance[1]
requesting a reset of the trial until May 5, 2004, so that he could obtain a
transcript of the arresting officer=s testimony from a prior
administrative licensing revocation hearing (Athe ALR hearing@). 
Appellant claimed he needed this transcript to impeach the officer’s
testimony at appellant=s trial.  A hearing was
held by telephone and the trial court denied appellant=s motion.  Appellant re-urged the motion on the date of
trial, but the trial court again denied the motion, finding that appellant had
not used due diligence in obtaining the transcript in question.  

II. 
Discussion

A.        Standard
of Review

            We review
the trial court=s denial of a motion for continuance under an abuse of
discretion standard.  Vasquez v. State,
67 S.W.3d 229, 240 (Tex. Crim. App. 2002). 
In order to establish an abuse of discretion, appellant must show that
he was actually prejudiced by the denial of his motion.  Id. 
Examples of specific prejudice include unfair surprise, an inability to
effectively cross-examine the State=s witnesses, or the inability to
elicit crucial testimony from potential witnesses.  Janecka v. State, 937 S.W.2d 456, 468
(Tex. Crim. App. 1996) (en banc).

B.        Analysis

In the present case, appellant argues
that the trial court abused its discretion by denying his motion for
continuance to obtain the transcript from the ALR hearing.  Appellant claims he needed the transcript to
impeach Officer Michael Smith=s trial testimony regarding the horizontal gaze nystagmus
test (“HGN test”) given to drivers suspected of driving while intoxicated.  

At trial, Smith testified that when a
suspect is given the HGN test, there are three characteristics to look for in
determining whether that suspect is intoxicated.  One of the characteristics is a “lack of smooth
pursuit” when the suspect=s eyes follow an object from side to side. Before Smith could
testify about appellant’s performance on the HGN, however, appellant’s trial
counsel requested to voir dire Smith to determine if Smith properly
administered the test.  Outside the
presence of the jury, Smith and appellant’s trial counsel engaged in the
following dialogue:

APPELLANT’S TRIAL COUNSEL:  For ‘lack of smooth pursuit,’ how many
seconds do you take the pen, from the nose to the right and then back to the
nose?

SMITH:  Eight
seconds, I believe.

APPELLANT’S TRIAL COUNSEL:  I’m sorry, eight seconds?

SMITH:  I
believe so, sir.  I’m not positive on
that number.

APPELLANT’S TRIAL COUNSEL:  And that’s eight seconds out here and then
eight seconds back?  Eight seconds here,
eight seconds back?

SMITH:  Six
seconds out, six seconds back.

APPELLANT’S TRIAL COUNSEL:  Six seconds out, six seconds back?  That’s on ‘lack of smooth pursuit,’ correct?

SMITH:  Yes,
sir.

            Appellant
argues that the ALR transcript would have impeached Officer Smith=s trial testimony because Smith testified
at that hearing that the time frame for testing lack of smooth pursuit was “four
seconds in, four seconds out.”  However, the
jury never heard the portion of the trial record to which appellant cites.  Appellant fails to cite to any testimony
presented to the jury that could have been impeached had the ALR transcript
been available.  Therefore, appellant is
unable to show the trial court abused its discretion in denying his motion for
continuance because he is unable to show he was prejudiced.  See Vasquez, 67 S.W.3d at 240; Janecka,
937 S.W.2d at 468.  Accordingly, his sole
issue is overruled.

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment rendered and Opinion filed May 4, 2006.

Panel consists of Justices Fowler, Edelman, and
Guzman.

Do Not Publish —
Tex. R. App. P. 47.2(b).











[1]  The State
argues appellant has waived his claim because no written motion for continuance
appears in the record.  However,
appellant=s written motion appears in the Exhibit Volume of the
record as Defense Exhibit 1.